UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NICOLE CLARK | CASE NO.  6:21-CV-01321 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| WALMART INC | MAGISTRATE JUDGE DAVID J. AYO |

MEMORANDUM RULING

Before the Court is a MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION (Rec. Doc. 32) filed by Defendant Walmart, Inc.  Plaintiff Nicole Clark filed an opposition to the motion (Rec. Doc. 34) to which Walmart filed a reply (Rec. Doc. 36).  For the reasons below, the motion is GRANTED.

I.  Factual and Procedural Background

Clark filed suit in state court on July 29, 2020, alleging that she sustained injuries at a Walmart store in Lafayette, Louisiana on January 6, 2020.  (Rec. Doc. 1-1).  Specifically, she alleged that a box fell onto her from a stocking cart being maneuvered by a Walmart employee.  (*Id*. at ¶3).  The petition did not detail the nature of the injuries allegedly sustained, just that the injuries were severe and painful.

Walmart removed the matter to this Court based on diversity of citizenship. (Notice of Removal, Rec. Doc. 1).  The Notice of Removal referred to Clark's medical treatment to demonstrate that the amount in controversy exceeded $75,000.  (*Id*. at ¶5).  Clark never moved to remand the case to state court.

The instant motion seeks to compel Clark pursuant to Federal Rule of Civil Procedure 35 to submit to a second independent medical examination (IME). (Rec. Doc. 32). Walmart states that Clark underwent an IME by Dr. Douglas Bernard on August 5, 2021 who opined that there was no medical justification for Clark to undergo surgery. A lumbar fusion surgery was performed on Clark by Dr. Lon Baronne on September 10, 2021, after which Clark began complaining of right shoulder and neck pain. According to Walmart, Clark had not expressed complaints of right shoulder and neck pain at the time she had been seen by Dr. Bernard.

Walmart requested that Clark submit to a second IME by Dr. Bernard "to ascertain plaintiff's current physical findings, current limitations and need for additional treatment, following her lumbar surgery and since the onset of her additional complaints of neck and shoulder pain." (Rec. Doc. 32-1 at 2; Rec. Doc. 32-7). In further support, Walmart attached a July 12, 2022 report by Dr. Matthew Mitchell noting the onset of pain subsequent to the September 10, 2021 surgery. (Rec. Doc. 32-4 at 2). Clark's counsel refused to agree to a second IME absent court order. (Rec. Doc. 32-7 at 2). The instant motion followed.

Clark opposes the motion, arguing, *inter alia*, that "[t]here is no conceivable reason that Clark should be subjected to another invasive medical examination by the same physician, one who has already concluded that her injuries are fabricated, simply so he can issue another report stating, once again, that she was not injured." (Rec. Doc. 34 at 1) (emphasis in original omitted). The crux of Clark's argument is that her circumstances have not changed in such a way that would lead Dr. Bernard

2

to deviate from his original conclusion. (*Id*. at 2-3). In reply, Walmart disputes Clark's characterization of Dr. Bernard's conclusion that there was no medical justification for Clark to undergo lumbar surgery and that a minor contusion to the lumbar spine would not cause or exacerbate pre-existing degenerative disc disease. (Rec. Doc. 36 at 1). Walmart also emphasizes that Clark's condition changed post-surgery and that she is claiming shoulder and neck injuries about which she had not complained when Dr. Bernard examined her. (*Id*. at 2-3).

II. **Applicable Standard**

Independent medical examinations are authorized under Rule 35. A medical examination may be ordered under Rule 35 when the moving party shows "good cause" for the examination and the condition to be examined be "in controversy." *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992); *Grossie v. Florida Marine Transporters, Inc.*, 2006 WL 2547047 at *2 (W.D. La.); *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). Generally, courts liberally construe the rule in favor of granting discovery. *Gilley v. Lowe's Home Centers, LLC*, 2015 WL 1304592 at *1 (W.D. La.) (citing *McClanahan v. Transocean Offshore Int'l Ventures, Ltd.*, 2006 WL 2989243 at *2 (W.D. La.). Rule 35 does not establish a limitation on the number of examinations to which a party may be subjected; each request for an independent medical examination must turn on its own facts and depends on the circumstances underlying the request. *Moore*, 142 F.R.D. at 135. Because the standards established by Rule 35 are flexible, the resolution of the pending motion rests within the sound discretion of the trial court. *Id*. (citing *Teche Lines v. Boyette*, 111

F.2d 579, 581 (5th Cir. 1940); *see also Glaze v. Bud's Boat Rental, Inc.*, 1993 WL 441890 at *1 (E.D. La.).

### III. Analysis

Walmart's request in the instant motion is reasonable under the facts and circumstances. In *Moore, supra*, this Court was faced with a motion seeking a second IME. This Court denied the request on the basis that there had been no allegation of a change in the plaintiff's complaints or in the plaintiff's clinical findings. 142 F.R.D. at 135. In so holding, this Court cited authority holding that second IME's are generally denied with "[t]he reason generally given is that there had been no showing of a change in the situation." *Id.* (citing *Vopelak v. Williams*, 42 F.R.D. 387) (D. Ohio 1967)). *See also Mayfield v. Continental Underwriters, Ltd.*, 2007 WL 4522602 at *3 (W.D. La.) (denying motion to compel IME and noting, "This is not a situation where the examination would address a new or different injury.").

Courts will authorize second IME's if there has been a change in the plaintiff's condition under circumstances similar to those presented here. For example, in *Shreves v. Frontier Rail Corp.*, 2021 WL 6206640 (E.D. Wash.), Shreves sued his employer, Frontier, for workplace injuries. Shreves agreed to undergo an IME. After the IME, Shreves informed Frontier that another surgery had been scheduled. After undergoing the surgery, Frontier requested another IME, which Shreves refused to undergo. As Walmart does here, Frontier moved to compel a second IME. The court granted the motion, found that Frontier had demonstrated good cause, and found "Shreves['] post-operative condition highly relevant because

4

he is claiming ongoing permanent disability. . . ." 2021 WL 6206640 at *2. The same can be said here: Clark's physical condition changed as a result of the lumbar surgery and she is now complaining of neck and shoulder injuries for the first time post-surgery which were not evaluated by Dr. Bernard during the first IME conducted pre-surgery.

For the foregoing reasons, the Motion to Compel Independent Medical Examination filed by Walmart, Inc. (Rec. Doc. 32) is hereby **GRANTED**.

**SIGNED** this 10th day of July, 2023, at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**